Filed 9/23/14  Cal. Dept. of Corrections and  Rehabilitation v. Cal. State Personnel Bd. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | F067816 |
| Plaintiff and Respondent, | (Super. Ct. No. S-1500-CV-277683) |
| v. | |
| CALIFORNIA STATE PERSONNEL BOARD, | **OPINION** |
| Defendant and Respondent; | |
| MICHAEL LA PORTA, | |
| Real Party in Interest and Appellant. | |

APPEAL from a judgment of the Superior Court of Kern County.  Susan M. Gill, Judge.

Law Office of Michael A. Morguess, Michael A. Morguess for Real Party in Interest and Appellant.

California Department of Corrections and Rehabilitation, Stephen A. Jennings, Staff Counsel IV, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

-ooOoo-

The California State Personnel Board (Board) ordered revocation of Michael La Porta's dismissal by the California Department of Corrections and Rehabilitation (CDCR). The reason for the revocation was that, at a Board hearing, CDCR failed to present any evidence in support of its charge of illegal drug use, and La Porta testified that he did not do it.

CDCR subsequently fired La Porta again. This time, the ground was that his testimony at the hearing was false.

At a second hearing, CDCR succeeded in producing evidence of the failed drug screening and thus of the falsehood of La Porta's prior testimony. The Board again ordered revocation of dismissal, however, on the ground that CDCR was not entitled to a second chance to prove the underlying facts.

The superior court issued a writ of mandate reversing the Board. It saw no reason why the employer should not have that second chance.

We reverse the superior court's judgment. To show that the employee lied at the first hearing by asserting his innocence, the employer had to prove the drug allegation at the second hearing. But that allegation was litigated, and decided adversely to the employer, at the first hearing. Collateral estoppel barred relitigation of it. The Board's decision was correct.

### FACTS AND PROCEDURAL HISTORY

CDCR fired appellant and real party in interest La Porta from his position as a correctional lieutenant after La Porta allegedly tested positive for methamphetamine. At the Board hearing requested by La Porta, CDCR told the administrative law judge it needed a continuance because its one witness, a doctor who would have testified about the test results, was unavailable. The judge telephoned the witness, who said he had only been asked to attend the hearing at 10:00 o'clock the night before and had been unable to obtain coverage for his patients that day. Finding good cause to be lacking, the judge denied the request for a continuance. As a result, CDCR was able to call only La Porta as

2.

a witness during its case-in-chief. He denied using methamphetamine and CDCR rested. La Porta moved to dismiss on the ground that CDCR failed to prove the charge. The judge granted the motion. The Board approved the judge's proposed decision to dismiss the charge and La Porta returned to work.

After La Porta's return, CDCR dismissed him again, this time on the ground that he had lied in his testimony at the hearing. A second hearing was held.[1] The director of the laboratory where La Porta's sample was tested testified about the chain of custody, testing procedure, and test results. A doctor testified that La Porta's results were positive for methamphetamine.

In spite of this showing, the administrative law judge found in La Porta's favor again, stating that CDCR was not entitled to a second attempt to discipline La Porta because its proof of misconduct depended in part on a renewed attempt to establish the facts it tried and failed to establish in support of the first attempt. The only difference was that, in the first attempt, CDCR tried to show simply that La Porta used drugs, while in the second it undertook to show that La Porta took drugs and then falsely denied it. The judge's written order cited the Board's precedential opinion in *In the Matter of the Appeal by Sylvia Ortiz* (State Personnel Bd., Dec. 4, 2007) Cal.S.P.B. No. 07-1381A (2007 WL 4547371) (*Ortiz*).

---

[1]In its account of the second hearing, CDCR's appellate brief extensively cites portions of the administrative record that were never submitted to this court. CDCR's description is our sole source of information about that hearing. As there appears to be no dispute between the parties about what transpired at the hearing, however, we have opted not to delay this appeal by requesting that the missing record materials be provided. We accept solely for the sake of argument CDCR's description of the evidence it presented at the second hearing. Because of our conclusion that CDCR was not entitled to relitigate at the second hearing the question of La Porta's drug use, it does not matter what CDCR might have established on that point at that hearing. For purposes of any future proceedings in this case, our adoption of CDCR's description of the evidence should not be understood as an endorsement of that description.

In *Ortiz*, the employee was a correctional officer fired for failing to submit a urine sample for drug testing and for being dishonest in responding to an investigation of the matter. A hearing took place and the Board adopted the administrative law judge's proposed decision, finding that the employee committed the misconduct but reducing the discipline from dismissal to suspension and demotion. CDCR fired the employee again, now charging that she was dishonest at the hearing. A second hearing was held, after which the administrative law judge issued a proposed decision upholding the new dismissal. (*Ortiz, supra*, 2007 WL 4547371 at p. 2.)

The Board rejected the proposed decision. Observing that it had "long held that an employee who has already been subject to formal or informal discipline cannot again be disciplined for charges arising out of the same facts," the Board concluded that the basis for the second dismissal—dishonesty at the hearing—did not amount to a new fact because the employee had already been accused of being dishonest to investigators on the same issue. The Board rejected CDCR's view that the employee "may be subject to discipline every time she repeats the same statements that formed the basis for [CDCR's] decision to dismiss her for dishonesty" the first time. (*Ortiz, supra*, 2007 WL 4547371 at p. 2.) "Appellant's act of testifying at her appeal hearing consistent with her prior statements in an effort to refute the allegations of dishonesty against her does not establish a separate instance of dishonesty," the Board explained. (*Id.* at p. 3.)

The administrative law judge in La Porta's case wrote that, "[t]he facts here are almost indistinguishable from the facts of" *Ortiz*. On this basis, the judge issued a proposed decision to revoke La Porta's dismissal on the ground that CDCR could not discipline La Porta for his exculpatory testimony at the prior hearing. The Board adopted the proposed decision. In its resolution adopting the decision, the Board added that it wished "to highlight that [CDCR] failed to adequately prosecute" the charges against La Porta.

4.

CDCR filed a petition for a writ of mandate in superior court, seeking reversal of the Board's decision. It argued that *Ortiz* was "poorly decided" and that the court should decline to follow it. It also argued that *Ortiz* was distinguishable because La Porta, unlike Ortiz, was not charged with dishonesty in the first proceeding, so he was not being punished for merely being dishonest about the same matter a second time.

The court granted the petition. No written statement of its reasons is included in the appellate record, but the court explained its reasoning at the hearing. It agreed with CDCR's view that *Ortiz* was distinguishable. Ortiz, the court observed, "was disciplined for … dishonesty … and then they turned around and wanted to discipline her again for the same conduct." In this case, by contrast, in the first proceeding CDCR did not charge La Porta with dishonesty and failed to prove the drug charge, with the result that all discipline was revoked. At the second proceeding, it undertook to prove only a dishonesty charge; if it had prevailed, discipline would have been upheld for the first time.

The court ordered issuance of a writ directing the Board to set aside its decision and reinstate the discipline of dismissal. (The writ itself is not included in the appellate record.) This appeal followed.

### DISCUSSION

### I.   *Standard of review*

Code of Civil Procedure section 1094.5 governs a trial court's review of an administrative agency's proceedings upon a petition for administrative mandamus. Except in a limited class of cases involving fundamental vested rights (*Bixby v. Pierno* (1971) 4 Cal.3d 130, 143-144), the trial court reviews the whole administrative record to determine whether the agency's findings are supported by substantial evidence and whether the agency committed any errors of law. (*Concord Communities v. City of Concord* (2001) 91 Cal.App.4th 1407, 1413; *Ryan v. California Interscholastic Federation—San Diego Section* (2001) 94 Cal.App.4th 1048, 1077.) We review the

Board's decision under the same standard as the trial court. (*Cate v. State Personnel Bd.* (2012) 204 Cal.App.4th 270, 282.)

Here the dispute turns not on any disputed factual findings but on whether the Board made an error of law when it ruled that the employer was barred from relitigating the facts underlying the drug charge. As we will explain, the result was correct.

## II.    *Collateral estoppel*

La Porta argues collateral estoppel barred CDCR from pursuing the second proceeding because the dishonesty charge necessitated relitigation of the question of whether he used drugs. We agree.

The doctrine of res judicata is divided into two parts: claim preclusion (also called, simply, res judicata) and issue preclusion (also called collateral estoppel). Claim preclusion bars a party to an action in which final judgment has been obtained from bringing a new action against the same opposing party and seeking a recovery based on the same cause of action. (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896-897.) Issue preclusion or collateral estoppel bars a party from relitigating in a new action an issue that was actually litigated and decided in a prior action. (*Id.* at p. 896; *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.) A party bringing a new cause of action would not be barred from suing by claim preclusion, but would be barred by collateral estoppel from relitigating, in support of the new cause of action, any issue litigated in a prior action. (7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 404, p. 1038; *id.*, § 413, p. 1053.)

Collateral estoppel can be applied to administrative proceedings if the proceedings have "a judicial character." (*Pacific Lumber Co. v. State Water Resources Control Bd.* (2006) 37 Cal.4th 921, 944.) "Indicia of [administrative] proceedings undertaken in a judicial capacity include a hearing before an impartial decision maker; testimony given under oath or affirmation; a party's ability to subpoena, call, examine, and cross-examine witnesses, to introduce documentary evidence, and to make oral and written argument; the

6.

taking of a record of the proceeding; and a written statement of reasons for the decision." (*Ibid.*) There is no dispute between the parties here about whether the proceedings before the administrative law judge had this judicial character.

We will assume for the sake of argument that CDCR's charge of dishonesty brought in the second proceeding was a different *cause of action* from the charge of drug use brought in the first, and that *claim* preclusion (res judicata) therefore does not apply. The remaining question is whether *issue* preclusion (collateral estoppel) applies. At the second hearing, CDCR could not prove the dishonesty charge without again litigating the factual issue of the alleged drug use. This was the same allegation CDCR had litigated unsuccessfully in the first proceeding when it failed to produce its expert witness and presented only La Porta's own testimony denying the allegation.

The situation is analogous to that in *Kelly v. Vons Companies, Inc.* (1998) 67 Cal.App.4th 1329. There, an arbitrator rejected a union's claim that the employer violated a collective bargaining agreement, finding along the way that the employer closed a trucking facility based on genuine economic considerations. In a subsequent action for fraud and misrepresentation, a group of employees claimed the employer acted in bad faith when it hired them to work at the trucking facility but then closed it, because it did not inform them of the ongoing labor dispute over the facility. The trial court ruled that the arbitrator's factual finding that the facility was closed for legitimate economic reasons was binding on it due to collateral estoppel. That finding in turn meant the employees could not prove damages from any misrepresentation about the labor dispute, as the facility's closure was caused by legitimate economic considerations, not the labor dispute. The Court of Appeal agreed and affirmed summary judgment for the employer. (*Id.* at pp. 1333-1334, 1340-1341.)

In this case, similarly, the administrative law judge made a finding in the first proceeding that CDCR failed to show that La Porta used drugs; CDCR's claim of dishonesty in the second proceeding required proof of the same facts.

7.

With the above discussion in mind, we turn to the elements of collateral estoppel:

"First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." (*Lucido v. Superior Court, supra*, 51 Cal.3d at p. 341.)

The issue La Porta sought to preclude in the second proceeding is whether he used illegal drugs during his employment, which needed to be established before it could be determined whether he was dishonest in denying drug use. (1) This identical issue was decided in the first proceeding, after CDCR failed to produce its witness and submitted the case to the administrative law judge on La Porta's denial alone. (2) The issue was actually litigated: A witness testified about it and the judge was required to make a finding on whether the evidence established the accusation. (3) The decision of the issue was necessary, as the matter CDCR brought before the tribunal could not be adjudicated without it. (4) The decision was on the merits. The judge made a finding, based on the evidence, that the charge was not established. (5) Preclusion is sought against CDCR, the same party as in the former proceeding. Collateral estoppel therefore barred relitigation of the drug-use issue without which CDCR could not establish La Porta's dishonesty.

CDCR argues that relitigation is not precluded because "[t]here is no identi[t]y of claim" between the first and second proceedings. At the first proceeding, CDCR claimed La Porta used drugs, while at the second it claimed he lied while testifying. In making this argument, CDCR confuses issue preclusion with claim preclusion. It may be the case (and we have assumed for the sake of argument that it is the case) that CDCR advanced different claims or causes of action at the two proceedings, and that claim preclusion or res judicata therefore would not bar the second proceeding. Issue preclusion or collateral estoppel does, however, defeat CDCR's strategy in the second

proceeding, for the same factual issue—whether La Porta used drugs—that was decided in the first proceeding had to be relitigated in the second in order to establish the new charge.

CDCR also renews its argument that *Ortiz, supra*, 2007 WL 4547371, is both inapplicable and incorrectly decided. Since the above discussion suffices to show that the Board's result was correct, we need not discuss *Ortiz*.

### ***DISPOSITION***

The judgment is reversed. The superior court is directed to deny CDCR's petition for writ of mandate. CDCR is ordered to pay costs on appeal.

_____

Chittick, J.[*]

WE CONCUR:

_____

Franson, Acting P.J.

_____

Peña, J.

---

[*]Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.